Jim Calloway
Mayor

Patricia Kern
Acting City Recorder

Approved this 4th day of August, 2003

Res_4750_bid_new 16inch_waterline

# NOTICE TO PROCEED

Norris Excavating
559 North Leath Road
Portland, TN 37148

DATE: 9/23/03

Project: Water System Improvements
Contract 2 - Water Distribution Line

You are hereby notified to commence WORK in accordance with the
eement dated 9/15, 2003, on or before Oct. 6, 2003,
_, and you are to complete the WORK within 150
secutive calendar days thereafter. The date of completion of all
K is therefore March 4, 2004.

City of Portland
Owner

By [signature]

Title Mayor

ACCEPTANCE OF NOTICE

eipt of the above NOTICE TO PRO-
: is hereby acknowledged by ______

Norris Excavating,

: the ______, ______.

[signature]

e Owner

oyer Identification
er 621762836

oOo

5. RUS Concurrence.

As lender or insurer of funds to defray the costs of this contract, nd without liability for any payments thereunder, the Rural Utilities ervice (RUS) hereby concurs in the award of this CONTRACT to

Norris Excavating

U.S. Department of Agriculture
Rural Utilities Service

By Darlene G. Dixon Title RD Specialist

Date 9/30/03

This CONTRACT shall not be effective unless and until concurred in the State Program Official of the Rural Utilities Service, U.S. artment of Agriculture or a delegated representative.

14. Certificate of Owner's Attorney.

I, the undersigned, David M. Amonette, the duly authorized and acting legal representative of the City of Portland Portland, Tennessee, do hereby certify as follows

I have examined the attached contract(s) and performance and payment bond(s) and the manner of execution thereof, and I am of the opinion that each of the aforesaid agreements are adequate and have has been duly executed by the proper parties thereto acting through their duly authorized representatives; that said representatives have full power and authority to execute said agreements on behalf of the respective parties named thereon; and that the foregoing agreements constitute valid and legally binding obligations upon the parties executing the same in accordance with terms, conditions, and provisions thereof.

David M. Amonette

Date: 9/26/2003

NOTE: Delete phrase "performance and payment bonds" when not applicable.

6. The OWNER will pay to the CONTRACTOR in the manner and at such times as set forth in the General Conditions such amounts as required by the CONTRACT DOCUMENTS.

7. This Agreement shall be binding upon all parties hereto and their respective heirs, executors, administrators, successors, and assigns.

IN WITNESS WHEREOF, the parties hereto have executed or caused to be executed by their duly authorized official, this Agreement in
( Five (5) ) copies each of which shall be deemed an original on
(Number of Copies)
the date first above written.

OWNER:

City of Portland

BY Jim Calloway

Name Jim Calloway
(Please Type)

Title Mayor
(SEAL)

ATTEST:
Patricia Keen

Name Patricia Keen
(Please Type)

Title Acting Recorder

U.S. DEPARTMENT OF AGRICULTURE

## Certification Regarding Debarment, Suspension, Ineligibility and Voluntary Exclusion - Lower Tier Covered Transactions

certification is required by the regulations implementing Executive Order 12549, Debarment and ension, 7 CFR Part 3017, Section 3017.510, Participants' responsibilities. The regulations were published rt IV of the January 30, 1989, Federal Register (pages 4722-4733). Copies of the regulations may be ned by contacting the Department of Agriculture agency with which this transaction originated.

**FORE COMPLETING CERTIFICATION, READ INSTRUCTIONS ON REVERSE)**

The prospective lower tier participant certifies, by submission of this proposal, that neither it nor its principals is presently debarred, suspended, proposed for debarment, declared ineligible, or voluntarily excluded from participation in this transaction by any Federal department or agency.

Where the prospective lower tier participant is unable to certify to any of the statements in this certification, such prospective participant shall attach an explanation to this proposal.

rris Excavating — Contract 2: Water System Improvements Water Distribution Line-REBID

rganization Name — PR/Award Number or Project Name

ris Norris, Owner [signature]

(s) and Title(s) of Authorized Representative(s)

ure(s) — 7/29/03

Date

Form AD-1048 (1/92)

CITY OF PORTLAND
WATER PLANT UPGRADE II
100 SOUTH RUSSELL ST
PORTLAND, TN 37148

1043

87-299/641

July 19, 2002 DATE

PAY TO THE ORDER OF Advantage Construction Services $ 75,348.00

Seventy Five Thousand Three Hundred Forty Eight and no/100 DOLLARS

Security Features Details on Back.

Volunteer State Bank
Portland, TN 37148

FOR Distribution Main Contract - Pay Estimate #1

Kim Calloway
Billy Cunningham

⑈001043⑈ ⑆064102999⑆ 050 439 4⑈

DATE: July 19, 2002

CHECK: #1043

TO: Advantage Construction Services

INVOICE: Pay Estimate #1

FOR: Phase II Lake Project
Distribution Main Contract

TOTAL: $75,348.00

413-11218 Bank
413-52116-930

cc: Billy Cunningham
Patricia Keen
Accounts Payable

FmHA
Form FmHA 1924-18
(Rev. 2/87)

FORM APPROVED
OMB NO. 0575-0042

# CITY OF PORTLAND

## PARTIAL PAYMENT ESTIMATE

NO. JUL
PARTIAL PAYMENT ESTIMATE NO. 1 2002
PAGE 1 OF 3

OWNER: City of Portland, TN

CONTRACTOR: Advantage Const. Svcs

PERIOD OF ESTIMATE
FROM June 1 TO 6/14/02

**CONTRACT CHANGE ORDER SUMMARY**

| No. | FmHA Approval Date | Amount: Additions | Amount: Deductions |
|---|---|---|---|
| | | | |
| TOTALS | | | |
| NET CHANGE | | | |

**ESTIMATE**

| | |
|---|---|
| 1. Original Contract | 136,169.00 |
| 2. Change Orders | 0 |
| 3. Revised Contract (1 + 2) | 136,169.00 |
| 4. Work Completed * | 0 |
| 5. Stored Materials * | 83720 |
| 6. Subtotal (4 + 5) | 83720 |
| 7. Retainage * | 8372 |
| 8. Previous Payments | 0 |
| 9. Amount Due (6-7-8) | 75348 |

* *Detailed breakdown attached*

**CONTRACT TIME**

Original (days) 150
Revised 0
Remaining

On Schedule ☒ Yes ☐ No

Starting Date June 12, 2002
Projected Completion July 20, 02

**CONTRACTOR'S CERTIFICATION:**
The undersigned Contractor certifies that to the best of their knowledge, information and belief the work covered by this payment estimate has been completed in accordance with the contract documents, that all amounts have been paid by the contractor for work for which previous payment estimates was issued and payments received from the owner, and that current payment shown herein is now due.

Contractor Advantage Const. Svcs
By [signature]
Date 6/14/02

**ARCHITECT OR ENGINEER'S CERTIFICATION:**
The undersigned certifies that the work has been carefully inspected and to the best of their knowledge and belief, the quantities shown in this estimate are correct and the work has been performed in accordance with the contract documents.

Architect or Engineer John Coleman Hayes, P.C.
By [signature]
Date JUL 0 2 2002

**APPROVED BY OWNER:**

Owner City of Portland, TN
By [signature], Mayor
Date 7/9/02

**ACCEPTED BY FmHA:**
The review and acceptance of this estimate by FmHA does not attest to the correctness of the quantities shown or that the work has been performed in accordance with the contract documents.

By [signature], RDS
Date July 10, 2002

| ITEM | DESCRIPTION | CONTRACT (revised) | | | THIS PERIOD | | TOTAL TO DATE | | % COMPLETE |
|---|---|---|---|---|---|---|---|---|---|
| | | QUANTITY | UNIT PRICE | AMOUNT | QUANTITY | AMOUNT | QUANTITY | AMOUNT | |
| 1 | 16" C50 | 5200 | $ 24.22 | $ 125,944 – | – | $ – | | $ – | 0 |
| 2 | Gate Valve | 1 | 1700 | 1700 | – | | | | |
| 3 | Tapping Tee | 1 | 1700 | 1700 | – | | | | |
| 4 | Stone | 100 | 9 | 900 | – | | | | |
| 5 | Pavement | 50 | 25 | 1250 | – | | | | |
| 6 | Concrete | 15 | 45 | 675 | – | | | | |
| 7 | Connection | 2 | 2000 | 4000 | – | | | | |
| | TOTALS | | | 136169 | | 0 | | 0 | 0 |

TYPICAL LUMP SUM PRICE BREAKDOWN *

| ITEM | DESCRIPTION | SCHEDULED VALUE | WORK COMPLETED | | % COMPLETE |
|---|---|---|---|---|---|
| | | | THIS PERIOD | TO DATE | |
| | | $ | $ | $ | |
| | TOTALS | | | | |

TYPICAL STORED MATERIALS AND RETAINAGE BREAKDOWN *

MATERIALS STORED AT END OF THIS PAYMENT PERIOD

| DESCRIPTION | QUANTITY | UNIT VALUE | AMOUNT |
|---|---|---|---|
| Pipe 16" C50 | 5200 | $ 16.10 | $ 83,720 |

RETAINAGE

| | THIS ESTIMATE | PERCENT | RETAINED |
|---|---|---|---|
| WORK COMPLETED: | $ 0 | 0 % | $ 0 |
| STORED MATERIALS: | 83720 | 10 | 8,372 |
| OTHER (explain) | | | |
| TOTAL | 83720 | | 8372 |

* At a minimum, detailed breakdowns should contain this information.

☆U.S. GPO: 1987-754-007/41515

Page 2 of 3

FmHA 1924-18
REVERSE

Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 9 of 50 PageID #: 692

## RECORD OF PRE-CONSTRUCTION

**City of Portland** **Date: September 23, 2003**

| NAME OF ASSOCIATION | ADDRESS (Including Zip Code & Telephone) |
|---|---|
| City of Portland | 100 South Russell Street<br>Portland, Tennessee 37148<br>(615) 325-6776 |

| NAME OF CONTRACTOR (Firm) | ADDRESS (Including Zip Code & Telephone) |
|---|---|
| Norris Excavating | 559 North Leath Road<br>Portland, TN 37148<br>(615) 325-2608 |

LOCATION OF CONFERENCE

City of Portland
100 South Russell Street
Portland, Tennessee 37148

SUBJECTS TO BE DISCUSSED

1. Identification of Official Representatives of Association, Architect/Engineer, and Contractor

ASSOCIATION: Jim Calloway, Mayor ARCHITECT/ENGINEER: John Coleman Hayes, P.C.
John Coleman Hayes

HEADQUARTERS: Portland, TN HEADQUARTERS: Nashville, TN

CONTRACTOR: Norris Construction Water Distribution Line (Re-Bid)

HEADQUARTERS: Portland, TN

2. Responsibilities of Architect/Engineer: (Does not "supervise" the contractor's employees, equipment or operations.)

Interprets plans and specifications and determines amounts, quality of work, and acceptance of materials and work. Enforces contract in a fair and unbiased manner. Steve Whitehead will be inspector for this project.

3. Responsibilities of Association's Governing Body: (Actual contracting Organization)

Approve all payments, secure all permits, easements and rights-of-way, and make final acceptance of work. Steve Whitehead will sign off on all pay requests.

4. Responsibilities of other agencies:

Rural Development. They see that General and Special Conditions are followed, approve all pay requests and change orders, and represent the interest of the State Government. Rural Development will do periodic inspections.

5. Responsibilities of Contractor: (Review contract terms.)

Furnished and pays cost of all materials, superintendence, labor, tools, equipment, transportation, etc. Furnished Erosion Control Plan. Performs all work called for in the Contract. Guarantees work for a period of one-year form date of acceptance.

6. General Discussion of Contract:

A. Alternative Specifications: (Does everyone understand the alternatives applicable to the contract as awarded?)

There are no alternative specifications for this project. N/A

B. Initiation of Construction: (Notice to Proceed.)

Issued by the Engineer. Oct. 6, 2003

C. Completion Time for Contract: (Does everyone understand contract requirements and methods of Computing?)

150 (one hundred fifty) consecutive calendar days from the date specified in the Notice to Proceed.

D. Liquidated Damages:

$300.00 per day for each day beyond the completion date of any extension granted thereto.

E. Requests for Extension of Contract Time:

If beyond control of the Contractor as determined by the Engineer, Owner and Contractor, make a request for extension in writing before completion date.

F. Procedures for Making Partial Payments:

Made from estimates prepared monthly by the Engineer and Contractor, approved/recommended by Engineer, Owner, and RD, less 10% retainage. Partial Payment Requests/Estimates may include stored materials.

G. Guarantee on Completed Work: (Materials, Installed Equipment, Workmanship, Etc.)

Covered by Performance Bond or Maintenance Bond for one year by Contractor.

H. Other Requirements of the Contract and Specifications which Deserve Special Discussions by all Parties.

Restoring public and private properties, testing of all lines, safety. 200 lbs test will be done on the 16-inch line.

7. Contractor's Schedule:

A. Analzye Work Schedule in Sufficient Detail to Enable Consulting Engineer to Plan His Operations: (Consideration must be given to needs of Association and the planned operation of other contractors.)

Contractor will furnish a construction schedule before starting work. The schedule may be a bar other acceptable method. May not apply done begun Oct. 2003

Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 11 of 50 PageID #: 694

B. Equipment to be used by Contractor:
Any and all equipment necessary in order to finish within the project time.

C. Contractor's Plans for delivering materials to project site: (Protection and storage of Materials.)
The Contractor is responsible for obtaining storage sites. The Contractor must have approval for use of the site before storing materials on either private and/or public sites.

8. Sub-Contracts: (Review and approval of proposed Sub-Contractors and their work schedules.)
Sub-contractors must meet same requirements as Prime Contractor. Prime Contractor is responsible for all work of any sub-contractor. Each sub-contractor must furnish insurance certificates. Chris Norris owner will be on the job 51% for the project. Kenny Brown is working as Norris' employee.

9. Status of Material furnished by Association:
A. Schedule for Future deliveries:
The Owner will furnish no materials. 110 feet of pipe left from job before and a few fittings.

B. Procedures to be Adopted by Contractor in Accounting for and Storing such Materials:

10. Change Orders: (Detailed explanation of procedure to be followed and clearance which must be obtained before changes are implemented.)
The Engineer will prepare the form. The Owner requests, the Engineer recommends, and the Contractor accepts. Forms are sent to Rural Development for approval.

11. Staking of Work: (Clearly Define responsibilities of Architect/Engineer and Contractor. Line and Grade must be furnished by Architect/Engineer.)
To follow plans. Information from GIS specs to see if we can stay within the given easement.

12. Project Inspection:
A. Functions of Consulting Architect/Engineer, Including records and reports:
See Item 2. Also, identify project inspector. Talk about reports.

B. Responsibilities of Owner:
See Item 3.

C. Safety and Sanitary Regulations:
Contractor will abide by OSHA Regulations and generally accepted sanitary regulations. Engineer and Owner will not act as "Safety Man".

13. Final Acceptance of Work: (Include requirements for tests and cleanup of project site.)
Final inspection will be made by the Owner, Engineer and Contractor. After all items of work and final cleanup are completed, Engineer will certify completion.

14. Labor Requirements:
A. Equal Employment Opportunity Requirements:
Contractor must not discriminate in hiring practices. A sign must post a sign for this project.

Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 12 of 50 PageID #: 695

B. Davis-Bacon Act:
Davis-Bacon Act is applicable.

C. Other Federal Requirements:
Workman's Compensation Insurance.

D. State and Local Requirements:
County Highway Departments, Zoning, Clean Water Act, etc.

E. Union Agreements:
Not applicable.

F. Reports Required:
Not applicable.

15. Equal Employment Provisions of Contract:
Contractor must abide by State and Federal regulations regarding equal employment.

16. Rights-of-Way and Easements:

A. Explain any Portion of Project not available to contractor:
Owner will obtain required easements, if any. All easements required for this project have been obtained.

B. Contractor's Responsibilities during work covered by Contract:
Respect public and private property. Do not infringe on private property unless Owner has a signed easement.

C. Coordination with Railroads, Highway Departments and Other Organizations:
Contractor will coordinate work with the telephone company, the County Highway Department, TDOT, CSX Railroad and any other utilities, if applicable. N/A

17. Placement of Project Signs and Posters:
Contractor will erect a Rural Development sign, as called for in the Contract, with exact wording to be furnished by the Engineer.

18. Handling Disputes:
Any disputes that may arise that cannot be resolve by the Owner, Engineer and Contractor shall be resolved by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.

NOTED AND CONCURRED WITH, But understood not to be a modification of any existing contracts or agreements:

(Signatures of Members of Governing Board of Association) ______________________
(Contractor Representative)

Brian C. Gordon
City Engineer ~~(Mayor)~~

Steve A. Whitehead
(Water/Sewer Superintendent)

(Contractor Representative)

(Consulting Architect/Engineer Representative)

Barbara Brown, RD Specialist

John Coleman Hayes, P. C.
Engineers, Architects & Construction Managers
Woodmont Centre
104 Woodmont Boulevard, Suite 401 • Nashville, Tennessee 37205
(615) 269-6397 FAX (615) 269-6415

July 30, 2003

RE: Certification of Bids
Water System Improvements
Contract 2 – Water Distribution Line - REBID
City of Portland, TN

To Whom It May Concern:

I hereby certify by my signature below, that all bids submitted for this Contract were received sealed and were opened in my presence.

Ary B. Bowker

John Coleman Hayes, P. C.
Engineers, Architects & Construction Managers
Woodmont Centre
104 Woodmont Boulevard, Suite 401 • Nashville, Tennessee 37205
(615) 269-6397 FAX (615) 269-6415

August 27, 2003

Mr. Ken Wilber
Director of Public Works
City of Portland
100 South Russell Street
Portland, Tennessee 37148

RE: Transmittal of Contract Documents for Execution
Water System Improvements
Contract 2 - Water Distribution Line - REBID
City of Portland, TN

Dear Ken:

The enclosed five (5) sets of contract documents pertinent to the above referenced project are forwarded for the City's further review and execution as indicated. The following items should be noted:

a. As discussed with you and Imogene Norris, of Norris Excavating, Performance and Payment bonds will be reaccomplished and dated to coincide with the date of the contract award as per instructions contained in RUS Bulletin 1780-13, Attachments 5 & 6, and NOTE at Page 3 thereto. The Contractor has requested at least a five (5) day advance notice of the contract award date, once it has been determined, to facilitate the preparation of these documents for presentation by the Contractor at the Contract award event.

b. The Contractor has provided two (2) Certificates of Liability Insurance; one Certificate, dated 12/31/02, provides Workers Compensation and Employer's Liability insurance; the second Certificate, dated 7/09/03, provides General, Automobile and Excess Liability insurance. These coverages appear adequate.

Also enclosed with this package, please find:

a. A statement signed by my representative at the bid opening certifying that all bids were received sealed and opened in his presence.

b. A certified bid tabulation which includes my estimate.

Based upon my review of the bids presented and opened on July 30, 2003, review of the Contractor's licensing criteria, and determination of insurability and bonding levels, it is my recommendation that this contract be awarded to the low bidder, Norris Excavating.

Should you have any questions regarding this matter, please do not hesitate to contact me at 615-269-6397.

Sincerely,

John C. Hayes, Jr., P.E.
President

/dlm.JCHLtr.9611.1

Enclosures

cc: Ms. Barbara Brown, U.S. Department of Agriculture, Rural Development (W/Encl)
Ms. Imogene Norris, Norris Excavating
File

# BID TABULATION WITH ENGINEER'S ESTIMATE
## WATER SYSTEM IMPROVEMENTS
## CONTRACT 2 – WATER DISTRIBUTION LINE - REBID
## BID DATE: 7/30/03 - BID TIME: 2:00 P.M.

| | | | | NORRIS EXCAVATING | | JENKINS CONSTRUCTION | | 101 CONSTRUCTION COMPANY, INC. | | ENGINEER'S ESTIMATE | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ITEM NO. | DESCRIPTION & UNIT | ESTIMATED QUANTITY | UNIT | UNIT PRICE | EXTENDED AMOUNT | UNIT PRICE | EXTENDED PRICE | UNIT PRICE | EXTEMDED [PRICE | UNIT PRICE | EXTENDED PRICE |
| 1. | REMOVAL AND REINSTALLATION OF 16" PIPING FOR ENTIRE PROJECT | 5,000 | L.F. | $ 17.20 | $ 86,000.00 | $ 19.00 | $ 95,000.00 | $ 26.00 | $130,000.00 | $ 18.00 | $ 90,000.00 |
| 2. | 16" CLASS 50 DUCTILE IRON PIPE | 300 | L.F. | $ 37.50 | $ 11,250.00 | $ 24.00 | $ 7,200.00 | $ 49.00 | $ 14,700.00 | $ 30.00 | $ 9,000.00 |
| 3. | 6" MULLER FIRE HYDRANT ASSEMBLY WITH ONE 4½" PUMPER CONNECTION AND TWO 2½" NOZZLE CONNECTIONS | 1 | EACH | $ 1,750.00 | $ 1,750.00 | $ 2,800.00 | $ 2,800.00 | $ 8,000.00 | $ 8,000.00 | $ 2,000.00 | $ 2,000.00 |
| 4. | LAYER OF CRUSHED STONE BEDDING AT ROCK BOTTOMS | 75 | TON | $ 12.50 | $ 937.50 | $ 10.00 | $ 750.00 | $ 20.00 | $ 1,500.00 | $ 15.00 | $ 1,125.00 |
| 5. | CONCRETE REQUIRED AT THRUST BLOCKINGS AT EXISTING / NEW BENDS | 40 | C.Y. | $ 65.00 | $ 2,600.00 | $ 75.00 | $ 3,000.00 | $ 87.00 | $ 3,480.00 | $ 70.00 | $ 2,800.00 |
| 6. | 16" D.I. FITTINGS | 3000 | LB | $ 1.50 | $ 4,500.00 | $ .10 | $ 300.00 | $ 2.25 | $ 6,750.00 | $ 1.75 | $ 5,250.00 |
| | TOTAL BID PRICE | | | $ 107,037.50 | | $ 109,050.00 | | $ 164,430.00 | | $ 110,175.00 | |

I HEREBY CERTIFY THAT THIS TABULATION REPRESENTS THE BIDS RECEIVED ON THE ABOVE PROJECT AT THE NOTED DATE AND TIME AND IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

BY: [signature]

JOHN C. HAYES, P. E.

C:\MAC\WTPCERTIFIEDBIDTABULATIONENGRESTIMATE.BK2REBID

**John Coleman Hayes, P. C.**
Engineers, Architects & Construction Managers
Woodmont Centre
104 Woodmont Boulevard, Suite 401 • Nashville, Tennessee 37205
(615) 269-6397 FAX (615) 269-6415

July 31, 2003

Mr. Ken Wilber
Director of Public Works
City of Portland
100 South Russell Street
Portland, Tennessee 37148

RE: Verification and Shipment of Original Bid Packages
Contract 2 - Water Distribution Line - REBID
City of Portland, TN

Dear Ken:

Verification of subject bid packages, that were submitted and opened at City Hall at 2:00 p.m. on July 30, 2003, has been accomplished.

All submittals were found to meet the administrative criteria for acceptance as established in the Information for Bidders guidelines contained in this project's Specifications and Contract Documents manual. Two (2) bidders, Jenkins Construction and 101 Construction included a 5% Bid Bond with their submittal; Norris Excavating included a Cashier's Check representing 5% of their total bid amount in lieu of a Bid Bond, which is also acceptable.

The Bid Schedules were verified for accuracy; all three (3) submitted were found to be accurate.

During final verification of the bidders licensing classification in the State of Tennessee, with the Board for Licensing Contractors, it was determined that 101 Construction Company, Inc., does not have the licensing classification required (MU) to perform the work required. Both Norris Excavating and Jenkins Construction possess the required licensing classification needed. A record and explanation of the classification codes each company does possess is enclosed

The original bid submittals are enclosed and forwarded for further action as requested. Also enclosed, you will find Mr. Bowker's Certification of Bids statement, as well as the Bid Tabulation. Should you have any questions, do not hesitate to contact me.

Sincerely,

John C. Hayes, P.E.
President

/dlm.JCHLtr.9611.1

Enclosures



cc: File

**John Coleman Hayes, P.C.**
Engineers, Architects & Construction Managers
Woodmont Centre
104 Woodmont Boulevard, Suite 401, Nashville, Tennessee 37205
(615) 269-6397 FAX (615) 269-6415 E-MAIL JCHAYESPC@AOL.COM

# FACSIMILE COVER SHEET

| | |
|---|---|
| TO: | Mr. Ken Wilber<br>Director of Public Works |
| COMPANY: | City of Portland |
| PHONE: | 325-6776 |
| FAX: | 325-5345 |
| FROM: | Don Mac Farlane |
| PHONE: | 615-269-6397 |
| FAX: | 615-269-6415 |
| DATE: | 8/08/03 |
| PAGES INCLUDING THIS COVER PAGE: | One (1) |
| COMMENTS: | Ken - I read in this week's Portland newspaper that the City had chosen Norris Excavating to do the Water Line - Contract 2 REBID project. Is that in fact true; I hadn't heard directly from the City that a final decision had been made. My concern is that we normally retain checks from contractors picking up plans and specifications for a project until a final award is made. One of the contractors returned plans and specs to our office this morning and was expecting their check to be returned on the spot. Told him that I would check with the City to determine if a final decision has been made. Please advise. - Mac |

Advised Mac,
That the City Council
Passed a Resolution Approving
Norris.

FNS: FAXFORM.TEM

AMONETTE AND STUBBS
ATTORNEYS AT LAW
AN ASSOCIATION OF SOLE PRACTITIONERS
554 WEST MAIN STREET
GALLATIN, TENNESSEE 37066

DAVID M. AMONETTE
WALTER H. STUBBS

GALLATIN
(615) 452-5537
TELECOPIER
(615) 452-5592

August 7, 2003

Mr. Angus Gillis, III
Schulman, LeRoy, Bennett, P.C.
P.O. Box 190676
Suite 701, 501 Union Building
Nashville, Tennessee 37219-0676

Re: RLI Insurance Company/City of Portland

Dear Angus:

At its last meeting the City of Portland again deferred final action to approve a settlement agreement with your client, RLI Insurance Company. I have been requested to ask for certain modifications in the agreement which are included as set forth in the enclosed proposed agreement that I have drafted. It is believed that these changes are reasonable and are based upon your client's obligations to honor the payment and performance bonds it has issued.

The City has now rebid the project and awarded the contract to Norris Construction Company as the low bidder with construction expected to commence soon. The bid of Norris is for the sum of $107,037.50. Consequently the city is requesting a change in the agreement to increase the amount paid by RLI from $40,000.00 to $46,216.50.

As we have discussed, the City intends in the reconstruction to reuse the pipe originally installed, except for the pipe that was damaged. The cost of the damaged pipe to be replaced is included in the bid by Norris. It is, however, unknown if other pipe which is to be reused has been damaged and will require replacement. This will not be known until the reconstruction is commenced. Because of these circumstances, the City believes it is reasonable for RLI to indemnify the City for the cost of any pipe that requires replacement but which can not yet be determined. It is believed that the risk of this possibility is minimal.

Please forward the enclosed agreement to your client for approval and hopefully we can conclude this matter at the regularly scheduled of the City scheduled in September.

Very Truly Yours,

David M. Amonette

DMA\aa
Enclosure

Cc: Mayor Jim Calloway
Ken Wilbur

C:\City of Portland\Gillis, A – letter 080603

## Release, Assignment and Agreement

**Whereas**, RLI Insurance Company, a surety corporation with principal offices in Peoria, Illinois, hereinafter "Surety", executed as Surety a bond covering the following contract:

| | |
|---|---|
| Principal | Advantage Construction Services, LLC |
| Bond No. | 337832 |
| Type of Bond | Performance Bond |
| Obligee | City of Portland, Tennessee |
| Project | Water System Improvements Contract 2-<br>Water Distribution Line |

and

**Whereas**, City of Portland, Tennessee has made claim against the Surety under said bond and does covenant and warrant that Advantage Construction Services, LLC has not performed the work in accordance with the plans and specifications, and

**Whereas**, the original contract amount was in the amount of $136,169.00, and

**Whereas**, there was one change order to the contract in the amount of $2,839.32 dated July 24, 2002, and

**Whereas**, the sum of $75,348.00 has been paid under the contract; and

**Whereas**, $63,660.32 remains unpaid under the contract; and

**Whereas**, City of Portland and RLI Insurance Company have agreed to resolve any claims that the City of Portland may have against RLI Insurance Company subject to the terms as contained herein; and

**Whereas**, the parties wish to execute this Release and Assignment to set forth their agreement.

**Now, Therefore**, for and in consideration of the premises, the payment by the Surety of the sum of $42,216.50 to the City of Portland, Tennessee, the parties agree as follows:

1. The City of Portland, Tennessee, for and on behalf of itself, its officers, elected officials successors and assigns, does hereby release RLI Insurance Company, its officers, directors, successors and assigns from any and all liability that RLI Insurance Company might have to the City of Portland under the Performance Bond which bears Bond No. 337832 and which is the Performance Bond for the Water System Improvements, Contract 2 – Water Distribution Line (the Project).

2. The City of Portland, Tennessee shall be responsible for the completion of the work that was to be performed by Advantage Construction Services, LLC and for the correction of any work performed by Advantage Construction Services, LLC or its subcontractors.

3. There is a Payment Bond issued on this project which also bears Bon NO. 337832 under which the principal is Advantage Construction Services, LLC, the Surety is RLI Insurance Company and the City of Portland is the owner or oblige. The Payment Bond shall remain in full force and effect in accordance with its terms and applicable law for any claims for labor, materials or other services that are properly and timely made for all such labor, materials or other services provided to the project prior to January 22, 2003.

Nothing herein shall be construed as a waiver or relinquishment of any defenses Surety has against any claims made by any material suppliers. Each of the parties represent and warrant that they are not aware of any potential claims by material suppliers except for a claim by Walter A. Wood Supply Company, Inc., the alleged pipe supplier and a company who alleges it supplied fuel to the Project.

4. The City of Portland, Tennessee does hereby assign, transfer and set over to said Surety and all claims it has of any nature against Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims it has against any

IN WITNESS WHEREOF, the parties have hereunto set their hands on the day and date set forth opposite their names.

Dated: ______________________

CITY OF PORTLAND, TENNESSEE
By: ______________________
Mayor Jim Calloway

Dated: ______________________

RLI INSURANCE COMPANY
By: ______________________
Timothy E. Winship
Its: ______________________

SURETY

STATE OF TENNESSEE
COUNTY OF SUMNER

Before me, ______________________ of the State and County aforesaid, personally appeared Mayor Jim Calloway, with whom I am personally acquainted, or proved to me on the basis satisfactory evidence, and who, upon oath acknowledged himself to be the Mayor of City of Portland, Tennessee, the within bargainor, and that he as such Mayor being so authorized to do, executed the foregoing instrument for the purpose therein contained by signing the name of the City of Portland, Tennessee by himself as Mayor.

Witness my hand and official seal at ________________, Sumner County, Tennessee, this the ___ day of ________________, 2003.

______________________
NOTARY PUBLIC

My commission expires:

______________________

STATE OF TENNESSEE
COUNTY OF ______________

Before me, ______________________ of the State of Tennessee and County aforesaid, personally appeared Timothy E. Winship, with whom I am personally acquainted or proved to me on the basis satisfactory evidence, and who, upon oath acknowledged himself to be the ____________ of RLI Insurance Company, the within bargainor and that he as such ________________ being so authorized to do, executed the foregoing instrument for the



Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 24 of 50 PageID #: 707

purpose therein contained by signing the name of the RLI Insurance Company by himself as ________________.

Witness my hand and official seal at ________________, ______________ County, Tennessee, this the ___ day of ________________, 2003.

________________________________________
NOTARY PUBLIC

My commission expires:
______________________

c:\city of Portland\RLI Agreement

INTER OFFICE

# MEMO

**To:** Mayor Calloway and Members of the Portland City Council

**From:** DAVID M. AMONETTE

**Subject:** Portland 16" water pipe extension

**Date:** May 5, 2003

Mayor Calloway has indicated that he believes the Council needs to be involved in the decision to determine the course of action by the City to bring the referenced subject to a conclusion. Initially it was thought that RLI Insurance company would take over and complete the project as the issuer of the performance bond. Attached is a copy of the letter from their attorney declining this option.

The original contract price was $136,169.00 of which $75,348.00 has been drawn. This leaves $60,821.00 left to be applied to the new construction. As indicated in the letter RLI has stated its willingness to be responsible for payment claims by suppliers and to pay the City approximately $40,000.00.

Projected completion costs range from $102,000.00 to $94,000.00 but the final cost would have to be determined by new bids with the pipes on site being refitted and utilized in the new construction. I need direction from you as to where we go from this point.

given to Mayor and Council after Monday night meeting - file

Believe consensus is to take deal

Ken to talk [illegible]

LAW OFFICES
SCHULMAN, LEROY & BENNETT, P.C.
SUITE 701-THE FIVE HUNDRED AND ONE UNION BUILDING
POST OFFICE BOX 190676
NASHVILLE, TENNESSEE 37219-0676
TELEPHONE (615) 244-6670
FACSIMILE (615) 254-5407

W. WAYNE LEROY
ANGUS GILLIS, III
GARY S. RUBENSTEIN
KEENE W. BARTLEY
BARBARA J. PERUTELLI
DOUGLAS E. JONES
ASHLEY N. ARNOLD

OF COUNSEL
JOHN I. HARRIS, III
BRENDA MEASELLS DOWDLE

I. R. SCHULMAN
(1908-1986)
T. T. McCARLEY
(1918-1975)
LEWIS D. PRIDE
(1933-1978)
H. MICHAEL BENNETT
(RETIRED 1998)
OF COUNSEL
SEYMOUR SAMUELS, JR.
(1912-1992)

April 7, 2003

**VIA FAX - 452-5592**
**AND U. S. MAIL**

David Amonette, Esq.
554 West Main Street
Gallatin, TN 37066-3132

Re: Portland Water Utility Job Bonded by RLI Insurance Company

Dear David:

This letter is to confirm our telephone conversation of Friday, April 4, 2003. As I stated to you in this phone conversation, RLI Insurance Company is not interested in completing the subject job. I indicated we would be willing to sit down and talk about settlement of the claim. The City of Portland retains approximately $60,000.00 to $65,000.00 in contract proceeds. You have a bid to complete the work for approximately $102,000.00 from Jones Bros. It would seem to me that the logical settlement of this case is for RLI to write a check for approximately $40,000.00 and the City can contract with whomever they wish for the completion of the job. I assume if the City is going to go forward with completion, they will get multiple bids for this project to be sure that they have the low responsive bidder. If you are interested in discussing settlement on these terms, please call me. Any such settlement would assume that RLI will be responsible for any payment claim that may be filed by the pipe supplier.

Sincerely,

Angus Gillis, III

AG:ags

cc: Mr. Tim Winship
RLI Insurance Company

John Coleman Hayes, P. C.
Engineers, Architects & Construction Managers
Woodmont Centre
104 Woodmont Boulevard, Suite 401 • Nashville, Tennessee 37205
(615) 269-6397 FAX (615) 269-6415

MAY 29 REC'D

May 28, 2003

The Honorable Jim Calloway
Mayor of the City of Portland
100 South Russell
Portland, Tennessee 37148

Dear Mayor Calloway:

I regret to inform you that Lieutenant Commander Gregg Harris has been called to active military duty in Afghanistan and is presently in transit and training and unable to answer your letter of May 12, 2003.

Obviously the best source of answers to your letter is now deceased. That leaves me to attempt to answer your questions.

Question one – Why did it take so long to obtain this information? This feature did not appear on any USGS map nor was it listed in the Term Book of Caves. We sent a geologist to the site when a property owner alluded to its existence.

Question two – No one anticipates surprises. However, in Portland nothing seems to surprise me.

Question three – A solution to the problem is being explored. However, a cost estimate has not been developed as yet.

Question four – The latest proposed construction schedule should not be affected.

Statement "The contractor with the lowest bid etc…" The lowest bid was not low enough so if he refuses to honor his bid it really doesn't matter. We are currently exploring a redesign of the concrete spillway in an effort to reduce the cost of the dam.

Question five – What happens to all the property? I choose to be positive in my thinking and would "cross that bridge" at the time the dam would not be feasible. It could always be built – but at what cost?

Question six – Yes. Triaxial compression tests were performed on two samples of fill material, which were considered the basic earthen material with which the dam would be constructed.

Mayor, I will communicate further as more information becomes available.

Sincerely,

John C. Hayes, Jr.

JCH/amr
:Jch052803

cc: All City Council Members
City council-Elect
Kenneth Wilber, Public Works Superintendent
Brian Goodwin, City Engineer

**Name:** Norris Excavating
**Address:** 559 North Leath Road
Portland , TN 37148
**Status:** Active
**License Number:** 47291
**Original License Date:** 07/23/2001
**License Expiration Date:** 07/31/2003
**Telephone Number:** (615) 325-2608
**County:** 83 - Sumner
**Classification:** MU-A,C; HRA-A;
**Monetary Limit:** $1,000,000.00
**Matched Record:** 7

---

**Name:** Norris, Baxter Construction, Inc.
**Address:** 190 Shop Drive
Zionville , NC 28698
**Status:** Active
**License Number:** 37726
**Original License Date:** 04/11/1996
**License Expiration Date:** 04/30/2004
**Telephone Number:** (828) 297-3657
**County:** -
**Classification:** BC-A;
**Monetary Limit:** $895,000.00
**Matched Record:** 8

---

**Name:** Norris, Darrel J.
**Address:** 2116 Franklin Lane
Knoxville , TN 37920
**Status:** Active
**License Number:** 48353
**Original License Date:** 01/25/2002
**License Expiration Date:** 01/31/2005
**Telephone Number:** (865) 679-6536
**County:** 47 - Knox
**Classification:** BC-A/R;
**Monetary Limit:** $70,000.00
**Matched Record:** 9

---

**Name:** Norris, Frank Construction Company
**Address:** P. O. Box 11833
Knoxville , TN 37939
**Status:** Active
**License Number:** 26459
**Original License Date:**

| | |
|---|---|
| **Name:** | Brown Construction Company |
| **Address:** | 34990 Highway 104s<br>Sardis , TN 38371 |
| **Status:** | Active |
| **License Number:** | 28010 |
| **Original License Date:** | 03/14/1990 |
| **License Expiration Date:** | 03/31/2004 |
| **Telephone Number:** | (731) 858-2127 |
| **County:** | 39 - Henderson |
| **Classification:** | BC-A; |
| **Monetary Limit:** | $250,000.00 |
| **Matched Record:** | 21 |

---

| | |
|---|---|
| **Name:** | Brown Construction Company |
| **Address:** | 1503 Crowe Street<br>Columbia , TN 38401 |
| **Status:** | Active |
| **License Number:** | 36807 |
| **Original License Date:** | 08/03/1995 |
| **License Expiration Date:** | 08/31/2003 |
| **Telephone Number:** | (931) 381-5554 |
| **County:** | 60 - Maury |
| **Classification:** | BC-A,B(SM); |
| **Monetary Limit:** | $500.000.00 |
| **Matched Record:** | 22 |

---

| | |
|---|---|
| **Name:** | Brown Construction Company (a Partnership |
| **Address:** | 558 Cook Road<br>Portland , TN 37148 |
| **Status:** | Active |
| **License Number:** | 30134 |
| **Original License Date:** | 03/31/1992 |
| **License Expiration Date:** | 03/31/2004 |
| **Telephone Number:** | (615) 325-9627 |
| **County:** | 83 - Sumner |
| **Classification:** | BC-13; MU-A.2.3; |
| **Monetary Limit:** | $750.000.00 |
| **Matched Record:** | 23 |

---

| | |
|---|---|
| **Name:** | Brown Electric Company |
| **Address:** | 1057 East Trinity Lane<br>Nashville , TN 37216 |
| **Status:** | Active |
| **License Number:** | 27077 |
| **Original License Date:** | |
| **License Expiration Date:** | 01/31/2005 |

Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 31 of 50 PageID #: 714

Resolution

# City Of Portland, Tennessee

No. 4569

**A RESOLUTION AUTHORIZING THE ACCEPTANCE OF THE BEST BID FOR A WATER LINE FROM THE NEW WATER PLANT TO THE CITY OF PORTLAND.**

WHEREAS, the following bids have been properly solicited and received for a water line from the new water plant to the City of Portland which is included in the new water treatment plant and lake project:

Copies of the entire bid tabulation are attached, a summary of the bids is listed below.

Bids with 16 inch line

| COMPANY | TOTAL WITH PVC ALTERNATE | TOTAL WITH DIP ALTERNATE |
|---|---|---|
| Advantage Construction | 107,661.00 | 136,169.00 |
| Crowder Construction | 119,695.55 | 155,835.55 |
| Portland Utilities Construction | 124,110.00 | 156,350.00 |
| Purdue Trucking & Excavating | 146,895.00 | 207,059.00 |
| Dillard & Maynard Construction | 148,500.00 | 174,500.00 |
| Eatherly Construction | 148,565.00 | 177,685.00 |
| Jenkins Construction | 154,275.00 | 201,075.00 |
| TPM, Incorporated | 157,196.00 | 202,498.00 |
| Trammel Construction | 179,974.00 | 199,786.00 |
| King Pipeline & Utility Co. | 187,850.00 | 212,550.00 |
| Johnson & Johnson Construction | 205,841.20 | 228,721.20 |
| Bolden Pipe Construction | 223,450.00 | 254,130.00 |
| Charles Deweese Construction | 230,363.73 | 253,711.73 |

Bids with 12 inch line

| COMPANY | TOTAL WITH PVC ALTERNATE | TOTAL WITH DIP ALTERNATE |
|---|---|---|
| Advantage Construction | 83,885.00 | 102,969.00 |
| Crowder Construction | 82,465.26 | 105,761.26 |
| Portland Utilities Construction | 91,350.00 | 122,550.00 |
| Purdue Trucking & Excavating | 104,064.40 | 139,736.40 |
| Dillard & Maynard Construction | 119,400.00 | 142,280.00 |
| Eatherly Construction | 107,335.00 | 121,375.00 |
| Jenkins Construction | 117,345.00 | 152,445.00 |
| TPM, Incorporated | 145,915.00 | 162,555.00 |
| Trammel Construction | 147,783.00 | 173,939.00 |
| King Pipeline & Utility Co. | 155,830.00 | 166,230.00 |
| Johnson & Johnson Construction | 169,002.31 | 187,514.31 |
| Bolden Pipe Construction | 191,133.50 | 219,993.50 |
| Charles Deweese Construction | 196,842.48 | 209,062.48 |

Case 3:04-cv-00555 Document 84 Filed 07/19/05 Page 32 of 50 PageID #: 715

WHEREAS, after considerable consideration, these bids have been approved by the Public Works and the Finance Committees; and

NOW THEREFORE BE IT RESOLVED by the Mayor and Board of Aldermen of the City Of Portland to authorize the acceptance of the best and low bid of Advantage Construction for $136,169.00 for a 16 inch line with DIP alternate; and

BE IT FURTHER RESOLVED that the funds for these projects will come from phase II monies of the Water Treatment Plant and Lake loan; and

BE IT FURTHER RESOLVED that this Resolution shall become effective upon its passage, the public welfare requiring it.

Kim Calloway
Mayor

Billy Cunningham
City Recorder

Approved this 1st day of April, 2002

# RELEASE, ASSIGNMENTAND ~~ASSIGNMENT~~ AGREEMENT

WHEREAS, RLI Insurance Company, a surety corporation with principal offices in Peoria, Illinois, hereinafter "Surety", executed as Surety a bond covering the following contract:

| | |
|---|---|
| Principal | Advantage Construction Services, LLC |
| Bond No. | 337832 |
| Type of Bond | Performance Bond |
| Obligee | City of Portland, Tennessee |
| Project | Water System Improvements Contract 2- Water Distribution Line |

and

WHEREAS, City of Portland, Tennessee has made claim against the Surety under said bond and does covenant and warrant that Advantage Construction Services, LLC has not performed the work in accordance with the plans and specifications, and

WHEREAS, the original contract amount was in the amount of $136,169.00, and

WHEREAS, there was one change order to the contract in the amount of $2,839.32 dated July 24, 2002, and

WHEREAS, the sum of $75,348.00 has been paid under the contract; and

WHEREAS, $63,660.32 remains unpaid under the contract; and

WHEREAS, City of Portland and RLI Insurance Company have agreed to resolve any claims that the City of Portland may have against RLI Insurance Company subject to the terms as contained herein, and

WHEREAS, the parties wish to execute this Release and Assignment to set forth their agreement.

NOW, THEREFORE, for and in consideration of the premises and of the payment by the Surety of the sum of $40,000.00 to the City of Portland, Tennessee, the parties agree as follows:

1. The City of Portland, Tennessee, for and on behalf of itself, its officers, elected officials, successors and assigns, does hereby release RLI Insurance Company, its officers, directors, successors and assigns from any and all liability that RLI Insurance Company might have to the City of Portland under the Performance Bond which bears Bond No. 337832 and which is the Performance Bond for the Water System Improvements, Contract 2 - Water Distribution Line (the Project).

2. The City of Portland, Tennessee shall be responsible for the completion of the work that was to be performed by Advantage Construction Services, LLC and for the correction of any work performed by Advantage Construction Services, LLC or its subcontractors.

3. There was a Payment Bond issued on this project which also bears Bond No. 337832 under which the principal is Advantage Construction Services, LLC, the Surety is RLI Insurance Company and the City of Portland is the owner or obligee. RLI Insurance Company is relieved of any liability under this bond except for the payment of any claims that are properly and timely made by material suppliers who have supplied material to the project prior to January 22, 2003.

Nothing herein shall be construed as a waiver or relinquishment of any defenses Surety has against any claims made by any material suppliers. Each of the parties represent and warrant that they are not aware of any potential claims by material suppliers except for a claim by Walter A. Wood Supply Company, Inc., the alleged pipe supplier and a company who alleges it supplied fuel to the project.

4. The City of Portland, Tennessee does hereby assign, transfer and set over to said Surety any and all claims it has of any nature against Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims it has against any

subcontractors performing work on the project and their officers, directors, owners, successors and assigns. This assignment includes any claim the City of Portland, Tennessee might have pertaining to the Project whether such claims are based on breach of contract, tort or other theory.

5. The City of Portland, Tennessee represents and acknowledges that it shall have no ~~claim~~ warranty claims whether now existing or arising in the future against Advantage Construction Services, LLC and/or their successors, assigns, officers, owners and members.

6. The City of Portland, Tennessee shall indemnify and hold harmless Surety from any and all claims of any nature that might be made against Surety by the engineers on the project, whether such claims are for additional engineering services, additional inspection services or otherwise.

IN WITNESS WHEREOF, the parties have hereunto set their hands on the day and date set forth opposite their names.

Dated:______________________ CITY OF PORTLAND, TENNESSEE

By:______________________

Dated:______________________ RLI INSURANCE COMPANY

By:______________________
Timothy E. Winship

Its:______________________

SURETY

STATE OF TENNESSEE
COUNTY OF

Before me, ______________________ of the State and County aforesaid, personally appeared ______________________, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged _______ to be the ___ ______________ of City of Portland, Tennessee, the within bargainor, and that ___ as such ___ __________, being so authorized to do, executed the foregoing instrument for the purpose therein contained by signing the name of City of Portland, Tennessee by __________ as ___________ __________.

Witness my hand and official seal at __________, ____________ County, Tennessee, this the ____ day of ____________, 2003.

______________________
Notary Public

Commission Expires:

______________

STATE OF
COUNTY OF

Before me, ______________________ of the State and County aforesaid, personally appeared Timothy E. Winship, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the ____________ ____ of RLI Insurance Company, the within bargainor, and that he as such ____________, being so authorized to do, executed the foregoing instrument for the purpose therein contained by signing the name of RLI Insurance Company by himself as ____________.

Witness my hand and official seal at __________, ____________ County, __________, this the ____ day of ____________, 2003.

______________________
Notary Public

Commission Expires:

______________

<u>RELEASE, ASSIGNMENT AND AGREEMENT</u>

Deleted: ASSIGNMENT

WHEREAS, RLI Insurance Company, a surety corporation with principal offices in Peoria, Illinois, hereinafter "Surety," executed as Surety a bond covering the following contract:

| | |
|---|---|
| Principal | Advantage Construction Services, LLC |
| Bond No. | 337832 |
| Type of Bond | Performance Bond |
| Obligee | City of Portland, Tennessee |
| Project | Water System Improvements Contract 2 – Water Distribution Line |

and

WHEREAS, City of Portland, Tennessee has made claim against the Surety under said bond and does covenant and warrant that Advantage Construction Services, LLC has not performed the work in accordance with the plans and specifications, and

WHEREAS, the original contract amount was in the amount of $136,169.00, and

WHEREAS, there was one change order to the contract in the amount of $2,839.92 dated July 24, 2002, and

WHEREAS, the sum of $75,348.00 has been paid under the contract; and

WHEREAS, $63,660.32 remains unpaid under the contract; and

WHEREAS, City of Portland and RLI Insurance Company have agreed to resolve any claims that the City of Portland may have against RLI Insurance Company subject to the terms as contained herein, and

WHEREAS, the parties wish to execute this Release and Assignment to set forth their agreement.

272928

NOW, THEREFORE, for and in consideration of the premises, the payment by the Surety of the sum of $40,000.00 to the City of Portland, Tennessee and the provisions and further undertakings set forth hereafter, the parties agree as follows:

Deleted: and of

1. The City of Portland, Tennessee, for and on behalf of itself, its officers, elected officials, successors and assigns, does hereby release RLI Insurance Company, its officers, directors, successors and assigns from any and all liability that RLI Insurance Company might have to the City of Portland under the Performance Bond which bears Bond No. 337832 and which is the Performance Bond for the Water System Improvements, Contract 2 – Water Distribution Line (the Project).

2. The City of Portland, Tennessee shall be responsible for the completion of the work that was to be performed by Advantage Construction Services, LLC and for the correction of any work performed by Advantage Construction Services, LLC or its subcontractors.

3. There is a Payment Bond issued on this project which also bears Bond No. 337832 under which the principal is Advantage Construction Services, LLC, the Surety is RLI Insurance Company and the City of Portland is the owner or obligee. The Payment Bond shall remain in full force and effect in accordance with its terms and applicable law for any claims for labor, materials or other services that are properly and timely made for all such labor, materials or other services provided to the project prior to January 22, 2003.

Deleted: was

Deleted: RLI Insurance Company is relieved of any liability under this bond except for the payment of any claims that are properly and timely made by material suppliers who have supplied material to the project prior to January 22, 2003.

Nothing herein shall be construed as a waiver or relinquishment of any defenses Surety has against any claims made by any material suppliers. Each of the parties represent and warrant that they are not aware of any potential claims by material

272928

suppliers except for a claim by Walter A. Wood Supply Company, Inc., the alleged pipe supplier and a company who alleges it supplied fuel to the Project.

Deleted: p

4. The City of Portland, Tennessee does hereby assign, transfer and set over to said Surety any and all claims it has of any nature against Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims it has against any subcontractors performing work on the project and their officers, directors, owners, successors and assigns. This assignment includes any claim against said persons or entities that the City of Portland, Tennessee might have pertaining to the Project whether such claims are based on breach of contract, tort or other theory. RLI Insurance Company shall indemnify and hold harmless the City of Portland, Tennessee from any and all claims of any nature that might be made against The City of Portland, Tennessee by Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims by any subcontractors performing work on the Project and their successors, assigns, officers, owners and members.

5. The City of Portland, Tennessee represents and acknowledges that it shall have no warranty claims whether now existing or arising in the future against Advantage Construction Services, LLC and/or their successors, assigns, officers, owners and members.

Deleted: claim

6. The City of Portland, Tennessee shall indemnify and hold harmless Surety from any and all claims of any nature that might be made against Surety by the engineers on the Project, whether such claims are for additional engineering services, additional inspection services or otherwise.

Deleted: p

272928

IN WITNESS WHEREOF, the parties have hereunto set their hands on the day and date set forth opposite their names.

Dated: ____________________ CITY OF PORTLAND, TENNESSEE

By: ________________________________

Dated: ____________________ RLI INSURANCE COMPANY

By: ________________________________
Timothy E. Winship

Its: ________________________________

SURETY

STATE OF TENNESSEE
COUNTY OF

Before me, ______________________________ of the State and County aforesaid, personally appeared __________________________, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged ________________ to be the ________________________ of the City of Portland, Tennessee, the within bargainor, and that _______________ as such _______________________. being so authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the City of Portland, Tennessee by ___________________ as _____________________________.

Witness my hand and official seal at ______________, __________________ County, Tennessee, this the ______ day of ____________, 2003.

___________________________________
Notary Public

My Commission Expires:

_______________________

STATE OF
COUNTY OF

272928

Before me, ____________________ of the State and County aforesaid personally appeared Timothy E. Winship, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the ______________________ of RLI Insurance Company, the within bargainor, and that he as such ______________, being so authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of RLI Insurance Company by himself as ______________________.

Witness my hand and official seal at _____________, ___________________ County, this the _____ day of _______________, 2003.

___________________________________
Notary Public

My Commission Expires:

_______________________

272928

# RELEASE, ASSIGNMENT AND AGREEMENT

WHEREAS, RLI Insurance Company, a surety corporation with principal offices in Peoria, Illinois, hereinafter "Surety," executed as Surety a bond covering the following contract:

| | |
|---|---|
| Principal | Advantage Construction Services, LLC |
| Bond No. | 337832 |
| Type of Bond | Performance Bond |
| Obligee | City of Portland, Tennessee |
| Project | Water System Improvements Contract 2 – Water Distribution Line |

and

WHEREAS, City of Portland, Tennessee has made claim against the Surety under said bond and does covenant and warrant that Advantage Construction Services, LLC has not performed the work in accordance with the plans and specifications, and

WHEREAS, the original contract amount was in the amount of $136,169.00, and

WHEREAS, there was one change order to the contract in the amount of $2,839.92 dated July 24, 2002, and

WHEREAS, the sum of $75,348.00 has been paid under the contract; and

WHEREAS, $63,660.32 remains unpaid under the contract; and

WHEREAS, City of Portland and RLI Insurance Company have agreed to resolve any claims that the City of Portland may have against RLI Insurance Company subject to the terms as contained herein, and

WHEREAS, the parties wish to execute this Release and Assignment to set forth their agreement.

273020

NOW, THEREFORE, for and in consideration of the premises, the payment by the Surety of the sum of $40,000.00 to the City of Portland, Tennessee and the provisions and further undertakings set forth hereafter, the parties agree as follows:

1. The City of Portland, Tennessee, for and on behalf of itself, its officers, elected officials, successors and assigns, does hereby release RLI Insurance Company, its officers, directors, successors and assigns from any and all liability that RLI Insurance Company might have to the City of Portland under the Performance Bond which bears Bond No. 337832 and which is the Performance Bond for the Water System Improvements, Contract 2 – Water Distribution Line (the Project).

2. The City of Portland, Tennessee shall be responsible for the completion of the work that was to be performed by Advantage Construction Services, LLC and for the correction of any work performed by Advantage Construction Services, LLC or its subcontractors.

3. There is a Payment Bond issued on this project which also bears Bond No. 337832 under which the principal is Advantage Construction Services, LLC, the Surety is RLI Insurance Company and the City of Portland is the owner or obligee. The Payment Bond shall remain in full force and effect in accordance with its terms and applicable law for any claims for labor, materials or other services that are properly and timely made for all such labor, materials or other services provided to the project prior to January 22, 2003.

Nothing herein shall be construed as a waiver or relinquishment of any defenses Surety has against any claims made by any material suppliers. Each of the parties represent and warrant that they are not aware of any potential claims by material

suppliers except for a claim by Walter A. Wood Supply Company, Inc., the alleged pipe supplier and a company who alleges it supplied fuel to the Project.

4. The City of Portland, Tennessee does hereby assign, transfer and set over to said Surety any and all claims it has of any nature against Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims it has against any subcontractors performing work on the project and their officers, directors, owners, successors and assigns. This assignment includes any claim against said persons or entities that the City of Portland, Tennessee might have pertaining to the Project whether such claims are based on breach of contract, tort or other theory. RLI Insurance Company shall indemnify and hold harmless the City of Portland, Tennessee from any and all claims of any nature that might be made against The City of Portland, Tennessee by Advantage Construction Services, LLC and its successors, assigns, officers, owners and members as well as any claims by any subcontractors performing work on the Project and their successors, assigns, officers, owners and members.

5. The City of Portland, Tennessee represents and acknowledges that it shall have no warranty claims whether now existing or arising in the future against Advantage Construction Services, LLC and/or their successors, assigns, officers, owners and members.

6. The City of Portland, Tennessee shall indemnify and hold harmless Surety from any and all claims of any nature that might be made against Surety by the engineers on the Project, whether such claims are for additional engineering services, additional inspection services or otherwise.

IN WITNESS WHEREOF, the parties have hereunto set their hands on the day and date set forth opposite their names.

Dated: ____________________ CITY OF PORTLAND, TENNESSEE

By: ________________________________

Dated:____________________ RLI INSURANCE COMPANY

By: ________________________________
Timothy E. Winship

Its: ________________________________

SURETY

STATE OF TENNESSEE
COUNTY OF

Before me, ______________________________ of the State and County aforesaid, personally appeared ________________________, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged ________________ to be the ________________________ of the City of Portland, Tennessee, the within bargainor, and that _______________ as such ______________________. being so authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of the City of Portland, Tennessee by ___________________ as _____________________________.

Witness my hand and official seal at _____________, _________________ County, Tennessee, this the ______ day of ____________, 2003.

___________________________________
Notary Public

My Commission Expires:

_______________________

STATE OF
COUNTY OF

Before me, ______________________ of the State and County aforesaid personally appeared Timothy E. Winship, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the ________________________ of RLI Insurance Company, the within bargainor, and that he as such _______________, being so authorized to do so, executed the foregoing instrument for the purpose therein contained by signing the name of RLI Insurance Company by himself as ________________________.

Witness my hand and official seal at ______________, _____________________ County, this the _____ day of ________________, 2003.

_______________________________________
Notary Public

My Commission Expires:

_________________________

Rebid 16" Water Line (7/30/03)

| Qty. | | 101 Construction | | Jenkins Construction | | Norris Excavating | |
|---|---|---|---|---|---|---|---|
| 5000 | Relay Pipe | $ 26.00 | $130,000.00 | $ 19.00 | $ 95,000.00 | $ 17.20 | $ 86,000.00 |
| | | | | | $ - | | $ - |
| 300 | New Pipe | $ 49.00 | $14,700.00 | $ 24.00 | $ 7,200.00 | $ 37.50 | $ 11,250.00 |
| | | | | | $ - | | $ - |
| 1 | Fire Hyd. | $ 8,000.00 | $8,000.00 | $ 2,800.00 | $ 2,800.00 | $ 1,750.00 | $ 1,750.00 |
| | | | | | $ - | | $ - |
| 75 | Stone | $ 20.00 | $1,500.00 | $ 10.00 | $ 750.00 | $ 12.50 | $ 937.50 |
| | | | | | $ - | | $ - |
| 40 | Concrete | $ 87.00 | $3,480.00 | $ 75.00 | $ 3,000.00 | $ 65.00 | $ 2,600.00 |
| | | | | | $ - 108,750.00 | | $ - 102,537.50 |
| 3000 | Fittings | $ 2.25 | $6,750.00 | $ 0.10 | $ 300.00 | $ 1.50 | $ 4,500.00 |
| | | | $164,430.00 | | $ 109,050.00 | | $ 107,037.50 |

# BID OPENING RESULTS

WATER SYSTEM IMPROVEMENTS
CITY OF PORTLAND, TN

CONTRACT 2 – WATER DISTRIBUTION LINE - RE-BID

BID DATE: JULY 30, 2003
BID TIME: 2:00 P.M..

| BIDDING CONTRACTOR | AMOUNT OF BID |
|---|---|
| Anchor Pipe Company, Inc. | $ (LATE) (93,262.xx ??) |
| Jenkins Construction | $ 109,050 |
| Johnson & Johnson Construction, Inc. | $ —— |
| Norris Brothers Excavating | $ —— |
| 101 Construction Company | $ 164,430.00 |
| Norris Excavating | $ 107,037.50 |
| | |
| | |
| | |
| | |

# BID SCHEDULE

WATER SYSTEM IMPROVEMENTS
CONTRACT 2 - WATER DISTRIBUTION LINE - RE-BID

Bidder acknowledges receipt of the following Addendum(s): Addendum 1 to Contract 2 (4 pages)

Bidder agrees to perform all improvements described in the specifications and as shown on the plans for the following unit prices:

| ITEM NO. | DESCRIPTION & UNIT PRICE IN WORDS | ESTIMATED QUANTITY | UNIT | UNIT PRICE | EXTENDED AMOUNT |
|---|---|---|---|---|---|
| 1. | Removal & Reinstallation of 16" Piping for Entire Project 140 L.F. of Existing / Unused On-Site Stored 16-Inch D.I. Pipeing & Appurtenances are Included for Use in the Reinstallation.<br>For ________<br>Dollars ________<br>Cents, per Linear Foot | 5,000 | L.F. | $ 17.20 | $ 86,000.00 |
| 2. | 16" Class 50, Ductile Iron Pipe. (Installation of this Piping is Included in Item 1.)<br>For ________<br>Dollars ________<br>Cents, per Linear Foot | 300 | L.F. | $ 37.50 | $ 11,250.00 |
| 3. | 6-Inch Muller Fire Hydrant Assembly with One (1) 4½-Inch Pumper Connection & Two (2) 2½-Inch Nozzle Connections.<br>For ________<br>Dollars ________<br>Cents, per Each | 1 | EA | $ 1750.00 | $ 1750.00 |
| 4. | A Layer of Crushed Stone Bedding at Rock Bottoms.<br>For ________<br>Dollars ________<br>Cents, per Ton | 75 | TONS | $ 12.50 | $ 937.50 |

C:\MAT\WTP\ADDENDUM BID.RE-BID